IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| COMPANION LIFE INSURANCE COMPANY, | ) Civil Action No. 3:10-63-JFA-JRM |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| JUSTIN C. HOPSON, | ) |
| LAURA R. HOPSON, AND | ) |
| NANCY SYKES ALEXANDER, | ) |
| | ) |
| Defendants, | ) |
| | ) |

Plaintiff, Companion Life Insurance Company ("Companion") brought this interpleader action on January 11, 2010.[1] Clark Nelson Hopson ("Decedent") was insured under a life insurance policy issued by Companion. Justin C. Hopson and Laura R. Hopson, children of the Decedent, contacted Companion and contested Defendant Nancy Sykes Alexander's ("Alexander") status as beneficiary under the Policy. Companion requested that it be allowed to deposit the Policy's proceeds with the Court, that it be released from liability as to any of all of Defendants' claims relating to or concerning the Policy, and that the action continue between the Defendants. On February 11, 2011, the Honorable Joseph F. Anderson, Jr., United States District Judge, granted Companion's request to deposit the Policy proceeds with the Court, dismissed Companion as a party,

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

and ordered that the action continue among the remaining Defendants.[2] See Doc. 19. On July 5, 2011, Justin C. Hopson and Laura R. Hopson (collectively, "the Hopsons"), filed a motion for summary judgment. Because Alexander is proceeding pro se, she was advised on July 15, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Hopsons' motion for summary judgment could result in the Court granting the motion and entering judgment against her. On August 12, 2011, Alexander filed a response in opposition to the motion for summary judgment.[3] In her response, Alexander requests that summary judgment be granted in her favor.

**FACTS**

1. Decedent's former employer, Orthopedic Reconstruction, PA established and maintained group life insurance coverage with Companion for the benefit of its employees as part of its Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., governed employee welfare benefit plan (the "Plan"). Decedent was a participant in the Plan.

2. The Plan is administered in Richland County, South Carolina.

3. Companion provided a life insurance policy (the "Policy") covering Clark N. Hopson, decedent, for the face amount of $10,000.

4. The Policy was issued on August 15, 2001. Decedent's then wife, now former wife, Defendant Nancy Sykes Alexander ("Alexander"), was named beneficiary under the Policy. See Policy Membership Application (Attachment to Complaint).

---

[2] In the order, Companion's request for attorney fees was denied.

[3] This response was not signed by Alexander. The undersigned ordered that she submit a signed copy of her response, which Alexander did on November 22, 2011. See Docs. 53-45.

2

5.  On February 25, 2005, Decedent and Alexander entered into a settlement agreement in connection with their divorce.

6.  On October 1, 2007, after a Final Hearing in their divorce proceedings, Alexander and the Decedent signed a consent order in which the Honorable Robert S. Armstrong, South Carolina Family Court Judge, ordered that Alexander and the Decedent:

    > shall execute mutual general releases of claims in favor of each other that shall preclude any further suits or claims by either against the other for conduct or happenings occurring prior to the date of this hearing.

    October 1, 2007 Consent Order (attachment to Alexander's Opp. Mem.).

7.  On October 1, 2007, Alexander and the Decedent signed a general release of claims (the "Release") which was filed with the Family Court. The Release provides that:

    > This specifically includes, without limitation, the claims raised, or which could have been raised in the above-captioned action.
    >
    > This is intended to be a complete global general release. The intent is that any and all claims whether known or unknown described above be fully released and forever ended.

    Release (Attachment to Complaint).

8.  Decedent died on September 6, 2009, and the Policy proceeds are now, therefore, subject to distribution.

9.  Justin C. Hopson and Laura R. Hopson are Decedent's biological children and natural heirs.

## STANDARD FOR SUMMARY JUDGMENT

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and inferences

to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). A fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. Anderson, 477 U.S. 242 at 248. "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985).

The defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

"[O]nce the moving party has met his burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (1) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (2) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c) (1)(A-B).

Unsupported hearsay evidence is insufficient to overcome a motion for summary judgment. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547 (5th Cir. 1987) and Evans v. Technologies

Applications & Servs. Co., 80 F.3d 954 (4th Cir. 1996). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e)(1-4).

## **DISCUSSION**

The Hopsons contend that they are entitled to all Policy proceeds based on the Settlement Agreement and the subsequent Release. They argue that, in signing the Settlement Agreement, Alexander expressly or implicitly waived any and all rights to the Policy. It appears they believe this is supported by paragraph 5A of the Settlement Agreement which is part of the "Findings of Fact" section and provides that "[b]oth parties waive, now and forever, the right to claim or receive any form of alimony or spousal support from the other party." They further argue that in the Release, Alexander expressly waived all claims (known and unknown) against the Decedent. The Hopsons argue that Alexander was represented by an attorney at the execution of the Release and "the clear effect of the Release was to bar all, including the present, claims by [Alexander]." Hopsons' Memorandum for Summary Judgment at 2.

Alexander argues that the Hopsons should not be granted summary judgment because the Settlement Agreement and the Release do not bar her from recovering, and that the Decedent had the right to change the designated beneficiary at any time and did not do so. She argues that the Release was drafted through an Order of the South Carolina Family Court to preclude any further suits or

5

claims by either party for conduct or happenings occurring prior to October 1, 2007. Additionally, Alexander argues that the Policy is part of an ERISA plan and should be considered pursuant to such.

As previously determined by Judge Anderson, this action arises out of and is governed by ERISA. See Doc. 19, Para. 21. The Hopson's claims are foreclosed by the Supreme Court's decision in Kennedy v. Plan Administrator for DuPont Savings & Investment Plan, 555 U.S. 285 (2009). In Kennedy, the Supreme Court construed 29 U.S.C. § 1104(a)(1)(D)[4] as a broad endorsement of the "plan documents rule," Kennedy, 129 S.Ct. at 877, under which plan administrators look solely at "the directives of the plan documents" in determining how to disburse benefits, id. at 875.[5]

The Hopsons fail to show that this Court should not follow the plan documents rule in determining which of the parties is entitled to the Policy proceeds, nor have they shown an exception to this rule. As noted above, Alexander was named beneficiary by the Decedent in the Policy Membership Application. There is no evidence in the record indicating that the beneficiary was changed.

Even if this case is not governed by ERISA, the Hopkins have not shown that they are entitled to the Policy proceeds under South Carolina law. Generally, in South Carolina, divorce does not per se affect the rights of a beneficiary interest. See, e.g., Duncan v. Investors Diversified Serv., Inc.,

---

[4]This section, pertaining to a fiduciary, provides that a fiduciary shall discharge his duties as to a plan:
>   (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter.

29 U.S.C. §1104(a)(1)(D).

[5]Although Kennedy involved an employee pension benefit plan, the Fourth Circuit has held that Kennedy applies to welfare benefit plans (such as life insurance). See Boyd v. Metropolitan Life Ins. Co., 636 F.3d 138, 142 (4th Cir. 2011).

6

330 S.E.2d 295, 296 (S.C. 1985)(holding divorce does not of itself operate to defeat a beneficiary's claims to proceeds in a life insurance policy). A beneficiary, however, may contract away the beneficiary interest through a separation or property settlement agreement, even if the beneficiary designation is not formally changed. Estate of Revis by Revis v. Revis, 484 S.E.2d 112 116 (S.C.Ct.App. 1997).

Under South Carolina law, a separation agreement may preclude a named beneficiary from recovery of an expectancy interest (such as a life insurance policy) in two ways. First, a named beneficiary may be precluded from recovery when a separation agreement specifically addresses a particular policy providing an expectancy interest and the agreement contains language of release applicable to the policy. Second, when a separation agreement provides general language of release without specifically addressing the policy providing the expectancy interest, a named beneficiary may be precluded from recovery when the policy intended for the general waiver to apply to the expectancy interest. See Auten v. Snipes, 636 S.E.2d 644 (S.C.App. 2006); Stribling v. Stribling, 632 S.E.2d 291, 294 (Ct.App. 2006).

The Settlement Agreement does not contain any language concerning the Policy in question. The language the Hopsons point to in the Settlement Agreement is a waiver of alimony or spousal support. See Settlement Agreement, Para. 5A. There is no indication that this addresses the Policy and the Hopsons have not pointed to any general release in the Settlement Agreement. The Release also does not address the Policy, but it contains a general release. The Hopsons, however, have not presented any evidence to show that the general waiver applies to the expectancy interest in the Policy.

## **CONCLUSION**

Based on the foregoing, it is recommended that the motion for summary judgment of Justin C. Hopson and Laura R. Hopson (Doc. 47) be **denied**. It is also recommended that the proceeds of the Policy which were deposited with the Court be disbursed to Alexander.

Joseph R. McCrorey
United States Magistrate Judge

January 23, 2012
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005)(quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).