# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Companion Life Insurance Company, | C/A No.: 3:10-cv-00063 |
| Plaintiff, | |
| v. | **ORDER** |
| Justin C. Hopson, Laura R. Hopson, and Nancy Sykes Alexander, | |
| Defendants. | |

Plaintiff, Companion Life Insurance Company brought this interpleader action on January 11, 2010. Clark Nelson Hopson ("Decedent") was insured under a life insurance policy issued by Companion. Justin C. Hopson and Laura R. Hopson ("the Hopsons"), children of the Decedent, contacted Companion and contested Defendant Nancy Sykes Alexander's ("Alexander") status as beneficiary under the Policy. Companion requested that it be allowed to deposit the Policy's proceeds with the court, that it be released from liability as to any of all of Defendants' claims relating to or concerning the Policy, and that the action continue between Defendants. On February 11, 2011, this court granted Companion's request to deposit the Policy proceeds with the court, dismissed Companion as a party, and ordered that the action continue among the remaining defendants.

On July 5, 2011, the Hopsons filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Alexander, who is proceeding *pro se*, was advised on July 11, 2011 that a failure to respond to the Hopsons' motion could

result in the dismissal of her complaint. Alexander filed a Response in Opposition to the Motion for Summary Judgment on August 12, 2011.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the motion for summary judgment of Justin C. Hopson and Laura R. Hopson should be denied. Moreover, the Magistrate Judge has recommended that the proceeds of the Policy, which were deposited with the court, be disbursed to Alexander. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The defendants were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on January 23, 2012. However, the defendants failed to file objections. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Accordingly, the motion for summary judgment by the Hopson defendants (ECF No. 47) is denied.  This court hereby orders that the Clerk of this court disburse from its Registry all funds deposited by Companion Life Insurance Company, together with accrued interest thereon, minus the Clerk's fee for handling the funds as authorized by the Judicial Conference of the United States and as set by the Director of the Administrative Office of the United States Courts to Nancy Sykes Alexander.

The parties are hereby advised that any party wishing to appeal this court's decision must file a notice of appeal with the Clerk of this court within thirty days[2] of the entry of this order.  If an appeal is taken, that portion of this order authorizing the disbursement of funds shall be stayed until the disposition of the appeal.

IT IS SO ORDERED.

*/s/ Joseph F. Anderson, Jr.*

February 16, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] Fed. R. App. P. 4(a)(1)(A).